

U.S. Department of Justice
*Eastern District of Louisiana*
*U. S. Attorney's Office*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2012 MAR 26 PM 2:26

LORETTA G. WHYTE
CLERK

---

Duane A. Evans
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, LA 70130*

*Telephone #: (504) 680-3069*
*Fax #: (504) 589-4395*

March 26, 2012

Honorable Stanwood R. Duval, Jr.
United States District Judge
Eastern District of Louisiana
500 Camp Street, Chambers C368
New Orleans, Louisiana 70130

**Re: United States v. Candace Wilson**
**Criminal Docket No. 11-013 "K"(1)**

Dear Judge Duval:

In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Candace Wilson, the defendant, in the above-captioned proceeding. Defendant's undersigned attorney, Martin E. Regan, Jr., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

Ms. Wilson has agreed to plead guilty to Counts 1-5 of the Indictment. Count 1 charges Ms. Wilson with Conspiracy to Distribute quantities of Hydromorphone ("Dilaudid") and Alprazolam ("Xanax"), in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846. Counts 2-5 each charge Ms. Wilson with Unlawful Use of Another Person's Registration Number for the Purpose of Acquiring a Controlled Substance, in violation of Title 21, United States Code, Section 843(a)(2). In exchange for this plea agreement, the Government agrees not to pursue additional charges relating to this incident that occurred within the Eastern District of Louisiana. The defendant understands that the Court is not bound to accept the plea agreement.

For Count 1, Ms. Wilson faces up to a maximum of twenty (20) years imprisonment and a fine of up to $1,000,000.00. For Counts 2-5, Ms. Wilson faces up to four (4) years imprisonment and a fine of up to $250,000.00.

Plea Agreement Candace Wilson
Honorable Stanwood R. Duval, Jr.
March 26, 2012
Page 2

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees to any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that the defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code as to each count of the Indictment. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant understands that the Court, in imposing a sentence of a term of imprisonment as to Count 1, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of at least three (3) years pursuant to Title 18, United States Code, Section 3583(b) and Title 21, United States Code, Section 841(b)(1)(A). The defendant further understands that the Court, in imposing sentences of terms of imprisonment as to Counts 2-5, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to one (1) year pursuant to Title 18, United States Code, Section 3583(b)(3). Supervised release is a period following release from prison during which the defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal her conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that she may have the right to file collateral challenges to her conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

  a. Waives and gives up her right to appeal or contest her guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to her right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of her sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 18, United States Code, Section 1291;

  b. Waives and gives up her right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up her right to challenge the manner in which her sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

  c. Waives and gives up her right to challenge her sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to her sentence of any kind; and

  d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if she establishes that ineffective assistance of counsel directly affected the validity of the waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

  The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

  This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands she must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. **The defendant understands that if she is not truthful, this agreement will be null and void and defendant may be prosecuted for other federal offenses.** The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person

defendant believes to be violation the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should she commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and she may face additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which she is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Bill of Information or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which she is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

Plea Agreement Candace Wilson
Honorable Stanwood R. Duval, Jr.
March 26, 2012
Page 5

      The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within her possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500, and to provide the attached list of documents. The defendant understands this information may be provided to a representative of any victim of this offense.

      *The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are no other agreements, letters, or notations that will affect this agreement.*

                               Very truly yours,

                               JIM LETTEN
                               UNITED STATES ATTORNEY

                               _____ 3/26/12
                               DUANE A. EVANS
                               Assistant United States Attorney

_____ 3/26/12
MARTIN E. REGAN, JR.    (Date)
Attorney for Defendant

_____ 3/26/12
CANDACE WILSON    (Date)
Defendant